UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARGARET D. McDOWELL,

                              **Plaintiff,**

                    -against-                              REPORT and
                                                                                                              **RECOMMENDATION**
                                                                                                              CV-04-1068 (CBA)

VENGROFF, WILLIAMS, & ASSOC., INC.,

                              **Defendant.**
-----------------------------------------------------------X
**GOLD, S., U.S.M.J.:**

       Plaintiff brings this putative class action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). Plaintiff's sole allegation is that defendant violated Sections 1692e(5) and 1692e(10) by sending a debt collection letter to plaintiff either without obtaining a license to operate as a debt collection agency as required by New York City law or by failing to identify itself as licensed. Compl. ¶¶ 9-14.

       The FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute provides a non-exhaustive list of conduct that violates the FDCPA, including "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e(5), 1692e(10).

       After the defendant failed to answer the complaint or otherwise appear, the Clerk entered the defendant's default on September 2, 2004. Docket Entry 7. The Honorable Carol Bagley Amon then entered a default judgment in plaintiff's favor and referred this case to me for a report and recommendation on what relief should be awarded. Docket Entry 8.

       By Letter dated November 17, 2004, plaintiff requested a stay of further proceedings pending a final judgment in <u>Hirsch v. United Collection Corp.</u>, 03-CV-4884 (RJD) (E.D.N.Y.).

See Docket Entry 10.  In Hirsch, plaintiff similarly claimed that defendant violated the FDCPA by failing to obtain a local license.  I recommended dismissal for failure to state a claim, and United States District Judge Raymond J. Dearie adopted my recommendation and dismissed the case.  Hirsch, Order dated Jan. 26, 2005. Plaintiff appealed to the Second Circuit, but the appeal was dismissed on procedural grounds on August 9, 2005.  Id., Docket Entry 26.  Thus, Judge Dearie's Order dismissing the complaint in Hirsch is the final judgment in that case.

In response to a court order inquiring about the status of this action, plaintiff submitted a letter to the court on March 27, 2006.  Docket Entry 15.  In her letter, plaintiff indicated that this action was now ripe for decision.

On March 30, 2006, I issued an Order directing plaintiff to submit a memorandum of law by April 28, 2006, explaining why this case should not be dismissed for failure to state a claim in light of the decision in Hirsch.  Docket Entry 16.  My order stated that "[f]ailure to make the submission will be deemed a concession that the findings and conclusions in Hirsch are applicable to this case and I will recommend that this case be dismissed for failure to state a claim."  Id.  Plaintiff did not respond to the order.  For this reason alone, I respectfully recommend that this case be dismissed.

Even if I were to consider the merits of this action despite plaintiff's failure to submit a memorandum of law as directed, I would recommend dismissal.  Dismissal may be appropriate even despite a defendant's default.  Although a default is deemed an admission of all well-pleaded factual allegations in the complaint, Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp., 973 F.2d 155, 158 (2d Cir. 1999), a court retains the discretion to determine whether a final default judgment is appropriate even after a default has been entered.  Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).  Before obtaining a final judgment, "[a] plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the

default." U.S. v. Ponte, 246 F. Supp. 2d 74, 76 (D.Me. 2003) (citation omitted). See also Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981) (recognizing the court's authority, even after default, to determine whether plaintiff has stated a cause of action); 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 55.12 (3d ed. 2004) ("[P]laintiff's conclusions of law are not deemed established. Thus the court may grant only the relief for which a sufficient basis is asserted in the complaint.").

In Hirsch, I concluded that, "as several courts have noted, an alleged violation of state or local law is [by itself] insufficient to state a claim under the FDCPA." Hirsch, 03-CV-4884, Report & Recommendation, Docket Entry 17, at 6 (citing Wade v. Regional Credit Assoc., 87 F.3d 1098, 1100 (9th Cir. 1998) (collection agency's attempt to collect a debt without obtaining a required state permit does not violate FDCPA); Lindbergh v. Transworld Systems, Inc., 846 F. Supp. 175, 181 (S.D.N.Y. 1994) (failure to obtain a license required under state law does not constitute a violation of the FDCPA)). I note, however, that other courts have held that a failure to obtain a license in violation of state law is a violation of the FDCPA. See Jomarron v. Nasco Enterprises, Inc., 2005 WL 2231863 (D. Conn. Aug. 4, 2005) (unlicensed debt collector's communications with plaintiff are violations of Section 1692e(5) of the FDCPA); Sibley v. Firstcollect, Inc., 913 F. Supp. 469, 471-72 (D. Md. 1995) (same).

Despite the opportunity to do so, plaintiff has failed to submit any memorandum explaining why she contends that the holding in Hirsch should not apply to this case. However, in her letter to the Court dated March 27, 2006, plaintiff does contend that the decision in Richardson v. Allianceone Receivables Mgmt., Inc., No. 03-Civ-5519 (DLC) 2004 WL 867732, *2 (S.D.N.Y., Apr. 23, 2004), suggests that "a collection agency's failure to be licensed with the City of New York is a violation of the FDCPA." Plaintiff's reliance on Richardson is misplaced. First, the defendant in Richardson *was* licensed as a debt collector in New York. 2004 WL

867732 at *2 (distinguishing Sibley and its progeny because the defendant in Richardson was licensed). Second, the court in Richardson held that a violation of a City Ordinance, specifically, failing to provide the license number on communications, was insufficient to state a claim under the FDCPA. Id.

The holding in Richardson rested in part on the fact that the defendant in that case did have a license, but merely failed to include that fact or identify its license number in the challenged collection letter. Plaintiff in this case apparently chose not to investigate whether or not defendant was in fact licensed at the time it sent the letter at issue; the complaint pleads in the alternative that defendant failed to set forth its license "so that consumers could not readily register complaints with the Department of Consumer Affairs concerning the defendant's collection practices," Compl. ¶ 12, and that defendant did not have a license. Compl. ¶ 13. If paragraph 12 of the complaint is deemed admitted and accepted as true, this case cannot be distinguished from Richardson.

For all these reasons, I respectfully recommend that this case be dismissed for failure to comply with a court order and for failure to state a claim pursuant to 15 U.S.C. § 1692e. Any objections to this report and recommendation must be filed with the Clerk of the Court, with a copy provided to the chambers of the Honorable Carol B. Amon, within ten days of receipt and in any event no later than June 16, 2006. Failure to file timely objections may waive the right to appeal the District Court's order. See 28 U.S.C. §636(b) (1); Fed.R.Civ.P. 6(a), 6(e), 72; Small v. Secretary of Health and Human Services, 892 F.2d 14, 15 (2d Cir. 1989).

/s/
Brooklyn, New York
STEVEN M. GOLD
May 31, 2006
United States Magistrate Judge
U:\mcdowell v vengroff r&r.wpd